## LEDOUX et al. *v.* COOPER et al.

Decision in *Ledoux* v. *Anderson*, ante p. 558, affirmed.

Where the fact of the purchase of certain property by the plaintiff appears to have been conceded throughout the proceedings, and the answer of a witness to an interrogatory propounded by the defendant positively establishes it, the evidence of title will be sufficient against the defendant in a case where the question of title is merely incidental.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
*Wharton*, for the appellants.

*Rawle*, for the defendants. Plaintiffs have failed to prove the most important fact in the cause. They have not proved that they did buy the land. There is no evidence but the sheriff's deed. The parol evidence only shows that there was a sheriff's sale—*rem ipsam.* Without authority, the sale of a sheriff is nothing; and there is no proof of a transfer of title, unless there appears, if it exist, a judgment or order of court, a writ of execution, and the sheriff's return upon it; they give a title without a deed, but the deed is of no use without them. It "adds nothing." C. P. 695. See cases of *Dufour* v. *Camfranc*, 11 Mart. 611. *McDonogh* v. *Gravin*, 9 La. 542. *Reeves* v. *Towles*, 10 La. 286. *Thompson* v. *Rogers*, 4 La. 12. *Donaldson* v. *Rouzan*, 8 Mart. N. S. 172. *Same* v. *Winter*, 8 Ib. N. S. 179.

The judgment of the court was pronounced by

ROST, J. This case does not differ in principle from the case of *Ledoux et al.* v. *Anderson et al.*, lately determined, ante p. 558. It involves a claim for the proceeds of the cotton shipped by *J. A. Cotton* to the defendants, from the plantation of the plaintiffs in West Feliciana, under the circumstances mentioned in the former case. The defendants resist the claim on the following grounds : That before the 3d August, 1844, *Joseph A. Cotton*, as executor of his father, and for himself, was indebted to them in the sum of $7,804 43, for moneys paid and advanced to him, for supplies furnished to his plantation, and expenses paid by them for said plantation, on account of *Cotton* and

his father, at their special instance and request; that, in September, 1844, they received from the said *Cotton* eighty-three bales of cotton, upon which they have a privilege for the balance due them, and for their supplies and advances; that said cotton was made, grown, and saved, by the slaves and laborers of said *J. A. Cotton*. There was a judgment in their favor in the first instance, and the plaintiffs appealed.

In the case already cited, we held that *Cotton* could be considered in no other light than as agent of the plaintiffs, in preparing the crop for market and shipping it; the cotton and the land upon which it grew, having become the property of the plaintiffs by virtue of their purchase, on the 3d of August, 1844; and their subsequent agreement with *Joseph A. Cotton*, if any took place, not having been executed by him.

The point is made in this case, that there is no evidence of the purchase in the record, save the sheriff's deed, which is alleged not to be sufficient. This is not a petitory action, and the question of title is merely incidental. The fact of the purchase appears to have been conceded throughout the proceedings; and the answer of the witness, *Sterling*, to a question propounded by the defendants themselves, positively establishes it.

The only claim which the defendants have on the proceeds of the cotton sold by them, arises from the privilege given them by the act of 1841, for supplies furnished to the plantation during the year 1844. The manner in which their account is made out does not enable us to ascertain the extent of their claim; and as this appears to be a hard case for them, we will give them an opportunity to adduce further evidence in relation to it.

The judgment is therefore reversed, and the case remanded for further proceedings, in conformity with the opinion of the court; the defendants and appellees paying the costs of this appeal.